

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN                          AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:                        Opinion No. 0-2665
                                 Re: Bids for county supplies
                                     should be made upon the
                                     needs of the county as a
                                     whole.

In your request of September 6, 1940, for an opinion of
this department, you refer to Article 1659 of the Revised
Civil Statutes of Texas and inquire:

"Under the above article would the commissioners court have
the authority to request bids and award contracts for materials
for each of the four commissioners precincts separately, or
does the law contemplate that the awards should be made for
the county as a whole?"

In response to our letter of September 25, 1940, for
additional information, you advised that the need for particu-
lar articles and supplies by the county as a whole has been
determined by the commissioners' court. You state that it is
the desire of the commissioners' court to take separate bids
for each precinct on such supplies as lumber, gasoline, lubri-
cants, motor equipment and similar products.

Article 1659 of the Revised Civil Statutes of Texas reads:

"Supplies of every kind, road and bridge material, or any other
material, for the use of said county, or any of its officers,
departments, or institutions must be purchased on competitive
bids, the contract to be awarded to the party who, in the
judgment of the commissioners court, has submitted the lowest
and best bid. The county auditor shall advertise for a period
of two weeks in at least one daily newspaper, published and
circulated in the county, for such supplies and material
according to specifications, giving in detail what is needed.
Such advertisements shall state where the specifications are to
be found, and shall give the time and place for receiving such
bids. All such competitive bids shall be kept on file by the

county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

A careful consideration of the above article leads us to the conclusion that it was the legislative intent that the needs of the county as a whole for a particular commodity, if such need be determined in advance by the commissioners court, should be included in the same bid and awarded to the lowest and best bidder. We think the first sentence of such article supports this view. It is:

"Supplies of every kind, road and bridge material, or any other of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid...." (Underscoring ours)

The Legislature apparently thought it logical that if the needs of the county as a whole were first determined and bids requested for the entire need that a lower and better bid could be had than if such order were broken down and the bids called for on the need of each precinct within the county.

Since you advise that your commissioners' court has determined the future needs of the county as a whole for the products in question, it is our opinion that you should advertise for bids on the entire need.

Yours very truly
ATTORNEY GENERAL OF TEXAS

s/ Lloyd Armstrong

By      Lloyd Armstrong
Assistant

LA:AW/cg

APPROVED NOVEMBER 27, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference.